592 A.2d 835

**Marian Jane FAUST, and Harry S. Faust, Sr., Appellants,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE; Barton A. Fields, Daniel Sattele, John S. Greecher, Constantine Janus, Louis Cabrelli, Willie J. Daniels, Jr., Alfonso Nicola, Carlos Pimentel, James Furlong and Dorothy Basco, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 6, 1991.

Decided June 7, 1991.

Doris Applebaum, Bensalem, for appellants.

Claudia M. Tesoro, Deputy Atty. Gen., for appellees.

Before CRAIG, President Judge and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH, PELLEGRINI, JJ.

McGINLEY, Judge.

Marian Jane Faust (Faust) appeals from an order of the Court of Common Pleas of Bucks County (common pleas court) which sustained the Department of Revenue's (Department) preliminary objections in the nature of a demurrer and granted a motion for judgment on the pleadings on the part of the Department's manager/employees (employees). The common pleas court dismissed Faust's complaint with respect to the Department and entered judgment in favor of the Department's employees. We affirm.

The issues presented for our review are: whether the Commonwealth of Pennsylvania (State) is a "person" within the meaning of 42 U.S.C. § 1983; whether Department officials, acting in their capacity as state officials are persons within the meaning of 42 U.S.C. § 1983; whether an allegedly discriminatory animus based upon political affiliation qualifies as a sufficient motive for an actionable conspiracy under 42 U.S.C. § 1985; whether the State enjoys sovereign immunity for an alleged denial of a citizen's state constitutional rights; whether individual state employees, acting within the course and scope of their employment enjoy sovereign immunity when their alleged wrongdoing was intentional; whether Faust's complaint stated a cause of action in mandamus; and whether the facts alleged in the complaint justify granting Faust leave to amend the complaint.

On September 1, 1989, Faust a former Department employee, and her husband filed a thirty-nine page complaint naming as defendants the Department and ten of its employees. The complaint specified the exact employment titles of the ten employees and that they were named in their official capacities. The complaint further alleged that, at all relevant times, the individual defendants were acting as agents and employees of the Department.

Faust's complaint alleged that she was employed as a revenue investigator for the Department for over sixteen years and that on or about April 23, 1987, the Department's Eastern Regional Office received an anonymous tip that Faust, during working hours, was spending one or two days per week at the Bensalem Township Building and most of her remaining work hours at the Golden Arrow Restaurant in Bensalem. As a result the Department began an internal investigation which included surveillance. The investigation resulted in findings that there were clear discrepancies between Faust's reported job activity and what was observed during surveillance. Based upon investigation, the Department concluded that Faust knowingly gave false statements in her daily field reports. A fact-finding pre-

disciplinary conference was held at which both the Department and Faust presented evidence. The evidence was thereafter submitted to Barton A. Fields (Fields), Secretary for the Department. On February 22, 1988, Fields notified Faust that she would be suspended for two days without pay. Faust served the suspension.

In Faust's complaint she alleges that the Department's action violated her federal civil rights. Faust seeks to press her claims under 42 U.S.C. §§ 1983, 1985, 1986 and 1988.[1] At Count I Faust seeks relief from the Department and seven of the individual defendants jointly and severally and demands reimbursement for her two-day suspension; a purge of her personnel record of any reference to the suspension; reimbursement for medical expenses brought about as a result of the investigation; compensation in excess of $20,000 for the violation of her civil rights and her resulting pain, emotional distress and harm to reputation; and punitive damages in the amount of $100,000.

At Count II Faust alleges that as a result of her political activities as a Republican candidate for an office in Bensalem Township she was targeted for dismissal by the Department. Faust alleges that it is the policy of Governor Robert P. Casey's Democratic administration to purge Commonwealth agencies, including the Department, of registered and politically active Republicans. As a result, Faust alleges that on April 19, 1988, another internal investigation was instituted and Faust was again subjected to surveillance. A fact-finding pre-disciplinary conference was held on May 10, 1988 at which Faust was reprimanded. On May 11, 1988 Faust reported to work but suffered a mental breakdown. Faust was treated for her emotional condition and was advised not to return to work. Consequently, Faust took an early retirement.

Also at Count II, Faust seeks, against all defendants, a full purging from her personnel record of any reference to the reprimand and the May 10, 1988 hearing; reinstatement

1. The current official cite for these provisions is 42 U.S.C. §§ 1983, 1985, 1986 and 1988 (1990).

to the same employment with the Department; payment of all wages and benefits she would have received; money damages in excess of $20,000; and punitive damages in the amount of $100,000.

At Count III, Faust repeats the factual allegations of Count I and also asserted violations of the Pennsylvania Constitution. Specifically Faust cites Pa.Const. Art. 1, §§ 1, 2, 5, 7, 11 and 26 regarding civil rights. In Count IV, Faust incorporates the factual allegations of Count II regarding discrimination based on political affiliation and again alleges abridgement of her rights under Pa. Const. Art. 1, §§ 1, 2, 5, 7, 11 and 26.[2]

After filing of the complaint, the defendant Department and its employees removed the case to federal court pursuant to 28 U.S.C. § 1446(d). Because Faust sued the Department and its employees in their official capacity, the federal court ruled that the case was an action against the state and could not be tried in federal court by virtue of U.S. Const.Amend. XI. As a result, the case was remanded to the common pleas court.

In the interim, the individual defendant-employees each filed answers in federal court. Following remand, the employees filed a motion for judgment on the pleadings and the Department filed preliminary objections in the nature of a demurrer accompanied by a motion to strike the punitive damage claims.

■ After oral argument and the submission of written arguments, the common pleas court sustained the Department's demurrer and granted the employees' motion for judgment on the pleadings. The common pleas court noted that Faust's 42 U.S.C. § 1983 claim was precluded by the United States Supreme Court's decision in *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The common pleas court further noted that Faust's 42 U.S.C. § 1985 claim was precluded by

2. At Count V, Faust's husband sought damages for loss of consortium. We must consider Mr. Faust's claim abandoned since the appellant's brief neither mentions his name nor addresses his claim.

the Supreme Court's decision in *Griffin v. Breckenridge* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). The common pleas court also noted that Counts III and IV were barred by State sovereign immunity.[3]

■ Faust has appealed the common pleas court's decision to this Court. In reviewing preliminary objections in the nature of a demurrer, as well as a motion for judgment on the pleadings, we keep in mind that all well-pled facts of the non-moving party are accepted as true and that review of a common pleas court ruling on such motions is limited to determining whether the common pleas court abused its discretion or committed an error of law. *E–Z Parks, Inc. v. Philadelphia Parking Authority*, 110 Pa.Commonwealth Ct. 629, 532 A.2d 1272 (1987).

■ Faust's first two contentions are that a state is a "person" within the meaning of 42 U.S.C. § 1983 and that individual state officials, acting in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983.[4] In *Will* the United States Supreme Court unequivocally held "that neither a State nor its officials acting in their official capacities are persons under § 1983." 109 S.Ct. at 2311. Although Faust cites in her brief to Justice Brennan's dissent in *Will*, the majority opinion is obviously controlling.

3. As the common pleas court noted, citing *City of Philadelphia v. Shapp*, 44 Commonwealth Ct. 303, 310 n. 4, 403 A.2d 1043, 1047 n. 4 (1979), sovereign immunity is an affirmative defense which ordinarily should be raised as new matter, but may be raised in preliminary objections when to delay a ruling thereon would serve no purpose. *See* Common Pleas Court's Opinion, September 11, 1990 at 12. We also note that Faust did not object to the Department raising sovereign immunity in preliminary objections.

4. 42 U.S.C. § 1983 (1990) provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

■ Similarly, Faust's claim under 42 U.S.C. § 1985(3),[5] wherein she alleges discrimination based upon political affiliation, is precluded by the United States Supreme Court's decision in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). In *Griffin*, the Court held that the language in § 1985(3) requiring "intent to deprive of equal protection, or equal privileges and immunities, means there must be some *racial* or perhaps otherwise *class-based* invidious discriminating animus behind the conspirator's action," (emphasis added). *Id.* at 102, 91 S.Ct. at 1798. In *Sellers v. Local 1598, District Council 88, American Federation of State, County and Municipal Employees, AFL-CIO*, 600 F.Supp. 1205 (E.D.Pa.1984) another case involving a § 1985(3) claim based on discrimination on the grounds of political affiliation in Bensalem Township, the district court noted that the United States Supreme Court has never held that political animus satisfies the class based discriminatory practice necessary to state a cause of action under § 1985(3). *Id.* at 1212. Like the federal district

5. 42 U.S.C. § 1985(3) (1990), regarding conspiracy to interfere with civil rights, provides:

If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises or another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, *whereby another is injured in his person or property*, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

court in *Sellers,* we also conclude that "§ 1985(3) was not meant to regulate combat between political parties and among the factions of which parties are composed." *Id.* Accordingly, we conclude that the common pleas court did not err in dismissing Faust's federal civil rights claims.

 Faust's next two contentions are that the State does not enjoy sovereign immunity when there is an alleged denial of a citizen's state constitutional rights and that individual state employees, acting within the course and scope of their employment, do not enjoy sovereign immunity for their intentional torts. However, it is well established that sovereign immunity is the law in Pennsylvania and is grounded in Article 1, § 11 of the Pennsylvania Constitution. *E–Z Parks,* 110 Pa.Commonwealth Ct. at 635–636, 532 A.2d at 1276. At 1 Pa.C.S. § 2310 [6] the legislature provided that the Commonwealth and its officials acting within the scope of their duties enjoy sovereign and official immunity and are immune from suit except when and where the legislature specifically provides otherwise.

At 42 Pa.C.S. § 8522(b) the legislature specifically waived sovereign immunity in nine areas.[7] In the present case,

---

6. 1 Pa.C.S. § 2310 provides:
 Pursuant to Section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedures unless otherwise specifically authorized by statute.

7. The nine exceptions to sovereign immunity are:
 (1) operation of any motor vehicle in the possession or control of a commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) care, custody or control of personal property in the possession or control of Commonwealth parties; (4) dangerous condition of Commonwealth agency real estate and sidewalks; (5) dangerous condition of highways under the jurisdiction of Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural

Faust's action is against the State and its officials acting in their official capacity. Clearly, the defendant-appellees enjoy the immunity provided by 1 Pa.C.S. § 2310. Further, intentional tort claims and civil rights actions are not within the narrow exceptions set forth in 42 Pa.C.S. § 8522(b). Accordingly, we conclude that Faust's claims against the Department and its officials acting in their official capacity are barred by the doctrine of sovereign immunity.

■ Finally, Faust contends that because she has alleged facts and requested relief consistent with an action in mandamus the common pleas court erred in dismissing the complaint without granting her leave to amend. We note that a review of Faust's complaint indicates that she did not specifically plead any count in mandamus. However, Faust did request that her personnel record be expunged, that she be reimbursed for her two-day suspension and that she be reinstated to employment.

■ A determination of whether mandamus lies in a given case is within the discretion of the common pleas court and will not be disturbed on appeal absent an abuse of that discretion. *Branchick v. Department of Labor & Industry*, 496 Pa. 280, 283, 436 A.2d 1182, 1183 (1981). The remedy of mandamus will lie only to compel the official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff. *Delaware River Port Authority v. Thornburgh*, 508 Pa. 11, 20, 493 A.2d 1351, 1355 (1985). More importantly, the writ of mandamus cannot be used to control the exercise of discretion or judgment by a public official or administrative or judicial tribunal; to review or compel the undoing of an action taken by such an official or tribunal in good faith and in the

elements; (6) care, custody or control of animals in the possession or control of a Commonwealth party; (7) sale or liquor at Pennsylvania liquor stores; (8) acts of a member of the Pennsylvania military forces; and (9) administration, manufacture and use of toxoid or vaccine.

exercise of legitimate jurisdiction, even though the decision was wrong; to influence or coerce a particular determination of the issue involved or to perform the function of an appeal or writ of error. *Pennsylvania Dental Association v. Insurance Department,* 512 Pa. 217, 227–228, 516 A.2d 647, 652 (1986).

In the present case, Faust has no clear legal right to have information expunged from her personnel record or to be reinstated with back pay. Also, Faust seeks to compel an official to review or undo an action taken. Mandamus does not provide for such a review. *Pennsylvania Dental Association.* Accordingly, we conclude that the common pleas court did not err in dismissing Faust's complaint without leave to amend. Order affirmed.

## ORDER

AND NOW, this 7th day of June, 1991, the order of the Court of Common Pleas of Bucks County in the above-captioned proceeding is affirmed.

BYER, J., did not participate in the decision in this case.