Dusty RHOADS, a/k/a William Rhoads d/b/a Close Range, Inc.

v.

PHILADELPHIA HOUSING AUTHOR-ITY and Vernon Cooney and Michael Subick and Chief Richard Zappile, Appellants.

Commonwealth Court of Pennsylvania.

Argued June 11, 2009.

Decided July 27, 2009.

Arlene O. Freiman, Philadelphia, for appellants.

Catherine N. Harrington, Philadelphia, for appellee.

BEFORE: PELLEGRINI, Judge, and BUTLER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge BUTLER.

Philadelphia Housing Authority, Vernon Cooney, Michael Subick, and Chief Richard Zappile (collectively, the Authority) appeal from the August 8, 2008 order of the Court of Common Pleas of Philadelphia County (trial court) denying the Authority's motion for summary judgment. The sole issue before this Court is whether causes of action for wrongful use of civil proceedings and fraudulent misrepresentation, and demands for punitive damages fall within the exceptions to sovereign immunity set forth in Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522.[1] For the following reasons, we reverse the order of the trial court.

On December 4, 2006, Dusty Rhoads, a/k/a William Rhoads d/b/a Close Range, Inc. (Rhoads) filed a complaint against the Authority for wrongful use of civil process, alleging that the Authority filed a false complaint against Rhoads in July of 2005 for breach of contract.[2] The Authority answered the December 2006 complaint with new matter. On March 17, 2008, Rhoads filed an amended complaint. The

---

1. Pursuant to this Court's order dated November 10, 2008, this appeal is limited to consideration of only this issue.

2. The July 2005 matter was discontinued by the Authority in April of 2006.

Authority responded with preliminary objections. On May 22, 2008, the trial court sustained the objection to Count IV, a general punitive damage claim, and overruled the remaining objections. On June 5, 2008, the Authority filed a motion for summary judgment claiming sovereign immunity and, on June 11, 2008, it filed an answer to the amended complaint with new matter.

On August 8, 2008, the trial court denied the Authority's motion for summary judgment. The Authority filed a motion for reconsideration or certification for interlocutory appeal which was denied by the trial court on September 10, 2008. The Authority filed a petition for review with this Court, which granted review, thus allowing an appeal from the trial court's August 8, 2008 order.

> This Court's review of an order granting summary judgment is plenary. Summary judgment may be granted only when the facts demonstrate clearly that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The standard of review is whether the trial court committed an error of law or abused its discretion.

*Gontarchick v. City of Pottsville*, 962 A.2d 703, 705 n. 3 (Pa.Cmwlth.2008) (citations omitted). On appeal, the Authority contends the trial court erred in denying its motion for summary judgment. Specifically, the Authority argues that its motion should have been granted because it is a Commonwealth agency that is immune from suit for intentional torts, and it cannot be sued for punitive damages. We agree.

This Court has declared that the Authority is a Commonwealth agency for purposes of sovereign immunity.[3] *Williams v. Phila. Housing Auth.*, 873 A.2d 81 (Pa. Cmwlth.2005). Section 2310 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 2310, states in pertinent part:

> it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

Section 8522(a) of the Judicial Code, 42 Pa.C.S. § 8522(a), states in pertinent part:

> The General Assembly ... does hereby waive, in the instances set forth in subsection (b) only ... sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a

---

3. For purposes of jurisdiction, however, this Court has deemed the Authority a local agency. *See City Council of the City of Phila. v. Greene*, 856 A.2d 217 (Pa.Cmwlth.2004). The Pennsylvania Supreme Court has done likewise. *See James J. Gory Mech. Contracting, Inc. v. Phila. Hous. Auth.*, 579 Pa. 26, 855 A.2d 669 (2004). In support of this distinction, this Court has recognized that "[a]uthorities are 'public corporations, being corporate agencies engaged in the administration of civil government'" and, while they are instrumentalities of the Commonwealth, they are not considered the Commonwealth or Commonwealth parties for all purposes. *Southeastern Pennsylvania Transp. Auth. v. Union Switch & Signal, Inc.*, 161 Pa.Cmwlth. 400, 637 A.2d 662, 666 (1994). Moreover, the courts have declared that "an entity may be a Commonwealth party for sovereign immunity purposes but not for jurisdictional purposes." *Snead v. Soc'y for Prevention of Cruelty to Animals of Pennsylvania*, 929 A.2d 1169, 1177 n. 8 (Pa.Super.2007) (citing *James J. Gory Mech. Contracting, Inc.*), petition for allowance of appeal granted, 600 Pa. 372, 966 A.2d 548 (2009).

person not having available the defense of sovereign immunity.

Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b), lists the following exceptions to sovereign immunity: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and, (9) toxoids or vaccines.

Wrongful use of civil proceedings, fraudulent misrepresentation and punitive damages are not specifically listed in Section 8522(b) as claims for which the Authority would abrogate its immunity. Moreover, wrongful use of civil proceedings and fraudulent misrepresentation are intentional torts, and this Court has specifically declared that "intentional tort claims ... are not within the narrow exceptions set forth in 42 Pa.C.S. § 8522(b)." *Faust v. Dep't of Revenue,* 140 Pa.Cmwlth. 389, 592 A.2d 835, 839 (1991). As for the Authority's liability for punitive damages, the Supreme Court has specifically declared that such damages are not recoverable against an authority that is an agency of the Commonwealth. *See Feingold v. Southeastern Pennsylvania Transp. Auth.,* 512 Pa. 567, 517 A.2d 1270 (1986). Since claims for wrongful use of civil proceedings, fraudulent misrepresentation and punitive damages do not fall within the exceptions to

sovereign immunity set forth in Section 8522(b) of the Judicial Code, the Authority, as a Commonwealth agency, is immune from them, and Rhoads' claims against the Authority on those grounds cannot stand.

For all of the above reasons, we hold that the trial court erred in denying the Authority's motion for summary judgment. Accordingly, the trial court's order is reversed and remanded for entry of judgment in favor of the Appellants.

*ORDER*

AND NOW, this 27th day of July, 2009, the August 8, 2008 order of the Court of Common Pleas of Philadelphia County is reversed and the matter is remanded for further proceedings consistent with this Court's Opinion.

Jurisdiction relinquished.

DISSENTING OPINION BY Judge PELLEGRINI.

The majority finds that the Philadelphia Housing Authority and its employees are immune under the provisions of what is commonly known as the Sovereign Immunity Act.[1] Because only "commonwealth parties" are entitled to sovereign immunity, and the Philadelphia Housing Authority is not a "commonwealth party" as that term is defined, I respectfully dissent.

42 Pa.C.S. § 8522 provides that the protection of sovereign immunity is only available to "commonwealth parties".[2] A

---

1. 42 Pa.C.S. §§ 8521–8528.

2. 42 Pa.C.S. § 8522(a) provides: "(a) Liability imposed.-The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against

Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." Article 1, § 1 provides in relevant part that: "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct."

commonwealth party is defined as "a commonwealth agency and employee, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. § 8501. After that, to determine what is a commonwealth party requires going from defined term to term. Under 42 Pa.C.S. § 102, "commonwealth agency" is defined as "[a]n executive agency or independent agency." Agencies are classified as "executive" if they are under the supervision and control of the Governor, and, if they are not, as "independent." Id. Both of these types of agencies are expressly defined as including entities such as boards, commissions, authorities and other agencies "of the Commonwealth government." Id. "Commonwealth government" is, in turn, defined as encompassing " . . . the departments, boards, commissions, authorities and officers and agencies of the commonwealth, **but the term does not include any political subdivision, municipal or other local authority, or any officer or agency of any such political subdivision or local authority.**" *Id.* (Emphasis added.) "Local authority" is defined as "When used in any statute finally enacted on or after January 1, 1975, a municipal authority or any other body corporate and politic cre-

ated by one or more political subdivisions pursuant to statute."

Because the Judicial Code, which includes what is commonly known as the Sovereign Immunity and Political Subdivision Torts Claim Act,[3] was enacted after January 1, 1975, any authority that is created by a political subdivision is not a commonwealth party, and governmental and not sovereign immunity applies. Because the Philadelphia Housing Authority was created by the City of Philadelphia, it is not a commonwealth party under the sovereign immunity provisions of the Judicial Code.

I recognize that some of our case law has held that the Philadelphia Housing Authority is entitled to sovereign immunity, but those cases must fall before the statutory language set forth above; otherwise, we are no longer interpreting the law but rewriting the law. Accordingly, because we have to address this issue under the Political Subdivision Tort Claims Act, I respectfully dissent.

---

3. 42 Pa.C.S. §§ 8541–8542.