# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jermaine Terrell Miller,     :
      Appellant  :
            :
    v.       : No. 2072 C.D. 2015
           : Submitted: July 15, 2016
Pennsylvania Office of Attorney General:

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**     **FILED:  September 20, 2016**

   Jermaine Terrell Miller (Appellant) appeals from a final order of the Court of Common Pleas of Dauphin County, sustaining the Pennsylvania Office of Attorney General's (OAG) preliminary objections and dismissing Appellant's complaint with prejudice.  For the reasons discussed below, we affirm.

   At the time Appellant filed his original complaint, he was imprisoned at the Franklin County Jail.  He is currently incarcerated at the State Correctional Institution at Huntingdon (SCI-Huntingdon).  On December 26, 2015, Appellant filed his complaint in the Dauphin County Court of Common Pleas, naming OAG as the sole defendant.  The substance of the complaint is set forth below in its entirety:

In the Action of an [sic] Civil Suit

(1) Pa. R. Civ. P. [No.] 1006, directs the procedures of an [sic] Civil Suit to be commenced in the Common Pleas Court that the Defendant is located in.

(2) The Defendant(s) is (are) the government agency(s) responsible for committing the criminal deed of Intentional Tort.

(3) In the Defendant(s) willful performance of negligence and the action named in paragraph 2, the Defendant(s) did knowingly brake [sic] State Criminal Law.

(4) I, the Plaintiff, Jermaine Terrell Miller, do seek in the form of compensation: (1) Unrestricted access and use of every resource of the Pennsylvania State Government; [and] (2) the perpretraters [sic] to be held criminal [sic] liable for the injustices inflicted against my life, freedom and mental well being [sic].

On February 6, 2015, OAG filed preliminary objections, asserting that Appellant had failed to conform to rule of court and had failed to plead with sufficient specificity. *See* Pa. R.C.P. Nos. 1028(a)(2), (3). OAG asserted, *inter alia,* that Appellant had failed to provide a civil cover sheet for the complaint, failed to properly serve OAG, and failed to verify the complaint. OAG additionally filed preliminary objections in the nature of demurrer for legal insufficiency of a pleading, asserting the defense of sovereign immunity and that Appellant had failed to state a legally cognizable claim. *See* Pa. R.C.P. No. 1028(a)(4).[1] By order dated July 7, 2015, the trial court sustained OAG's preliminary objections and dismissed Appellant's complaint with prejudice.

---

[1] Appellant filed a response to OAG's preliminary objections, but, as the trial court explained in its opinion filed pursuant to Pa. R.A.P. 1925(a), the response was filed long after the 20 day deadline set forth by the trial court's prior order, and, thus, the trial court did not consider Appellant's response in deciding the preliminary objections. Appellant does not contend that the prisoner mailbox rule should apply or that the trial court improperly declined to consider his response. Further, Appellant did not provide any evidence that the response was timely delivered to the prison authorities. *See Commonwealth v. Rose*, 82 A.3d 426, 428 (Pa. 2013); *see also Thomas v. Elash,* 781 A.2d 170, 176 (Pa. Super. 2001) (holding that prisoner mailbox rule applies to filings by *pro se* prisoner in civil suit).

Appellant filed a notice of appeal on July 21, 2015. On December 1, 2015, pursuant to Pa. R.A.P. 1925(b)(1), the trial court ordered Appellant to file of record and serve upon the trial court a concise statement of errors complained of on appeal within twenty-one days of the date of the order, thereby setting a deadline of December 22, 2015, for Appellant to file his concise statement. It appears from the record that Appellant served his concise statement on the trial judge, but he failed to file his statement with the Prothonotary.

The trial court, in its opinion pursuant to Pa. R.A.P. 1925(a), explained that Appellant's complaint had provided no facts to support his claims and contained only vague allegations of an intentional tort and a violation of state law. The trial court, therefore, concluded that any amendment would be futile to overcome the legal deficiencies of the complaint. In his brief, Appellant refers to a myriad of constitutional violations, none of which were raised before the trial court, and also argues that the trial court improperly sustained OAG's preliminary objections in the nature of demurrer without allowing him an opportunity to amend his complaint.

We need not reach the merits of Appellant's claims because the record demonstrates that he failed to properly file his statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b).[2] Although not argued by OAG, it is well-settled that this Court may dismiss an appeal *sua sponte* based on an appellant's failure to properly preserve issues for appellate review. *Gibraltar*

---

[2] At the request of this Court, the trial court provided the statement served on the trial judge as part of the supplemental record filed with this Court on July 12, 2016. The Prothonotary of the court of common pleas docketed the statement on June 30, 2016, as part of the supplemental record. We do not construe this gratuitous docketing as "filed" for purposes of satisfying the requirements of Pa. R.A.P. 1925(b)(1).

*Rock, Inc. v. New Hanover Twp.*, 118 A.3d 461, 464 (Pa. Cmwlth.), *appeal denied*, 128 A.3d 222 (Pa. 2015). Pa. R.A.P. 1925(b) provides that, upon receipt of a notice of appeal, the trial court may order an appellant to file of record a concise statement of errors complained of on appeal. The trial court must allow the appellant at least twenty-one days from the date of the order's entry for filing and service of the statement. Upon application of the appellant, the trial court may extend this deadline or allow a statement to be filed *nunc pro tunc*. The order must include:

> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement; (ii) that the Statement shall be filed of record; (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1); [and] (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa. R.A.P. 1925(b)(3).[3] If the trial court orders an appellant to file a concise statement of errors complained of on appeal, the appellant must file the statement within twenty-one days of the date of the order unless the trial court allows the appellant additional time to file. *In re Clinton County Tax Claims Bureau Consolidated Return for Sale of September 24, 2012*, 109 A.3d 331, 334 (Pa. Cmwlth. 2015). Failure to comply with the trial court's order will result in waiver of all issues raised on appeal. *Id.*[4] Accordingly, because Appellant failed

---

[3] The trial court's December 1, 2015 order complied with all requirements set forth in Pa. R.A.P. 1925(b)(3).

[4] We do not dismiss Appellant's appeal because the concise statement was untimely filed, but rather because it was never properly filed with the Prothonotary. *But see Com. v. Rodriguez*, **(Footnote continued on next page…)**

4

to comply with the trial court's order and the requirements of Pa. R.A.P. 1925(b), all issues on appeal are deemed waived.

Even if we did not dismiss Appellant's appeal for failure to comply with the requirements of Pa. R.A.P. 1925(b), his claim is without merit. The trial court also sustained, *inter alia,* OAG's preliminary objections in the nature of demurrer pursuant to Pa. R.C.P. No. 1028(a)(4) for legal insufficiency of a claim. In its preliminary objections, OAG raised the affirmative defense of sovereign immunity. Section 8522 of the Judicial Code, 42 Pa. C.S. § 8522, which is often referred to as the Sovereign Immunity Act, bars Appellant's cause of action because it does not fall within any enumerated exceptions to the Commonwealth's sovereign immunity set forth in that section. Appellant's complaint refers only to an "intentional tort" and, although it is unclear precisely which tort Appellant is alleging, we have previously explained that the General Assembly did not waive sovereign immunity for an intentional tort by a Commonwealth agency. *Rhoads v. Philadelphia Hous. Auth*., 978 A.2d 431, 433 (Pa. Cmwlth. 2009). Further, because Appellant has failed to demonstrate any way that he could overcome the legal deficiencies of his claim, the trial court properly dismissed his complaint with prejudice. *See Carlino v. Whitpain Investors*, 453 A.2d 1385, 1388 (Pa. 1982); *Wiernik v. PHH U.S. Mortg. Corp.*, 736 A.2d 616, 624 (Pa. Super. 1999), *appeal denied*, 736 A.2d 616 (Pa. 2000).

---

**(continued…)**

81 A.3d 103, 104 n.2 (Pa. Super. 2013) (noting that untimely filing of 1925(b) statement does not automatically result in waiver of all issues on appeal where trial court accepts appellant's untimely concise statement of errors complained of on appeal and issues a responsive 1925(a) opinion).

For the reasons discussed above, we affirm the order of the trial court.


_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jermaine Terrell Miller,  :
                    Appellant  :
                            :
        v.                  :        No. 2072 C.D. 2015
                            :
Pennsylvania Office of Attorney General:

# **O R D E R**

AND NOW, this 20th day of September, 2016, the order of the Court of Common Pleas of Dauphin County is hereby AFFIRMED

_____
P. KEVIN BROBSON, Judge