# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bianca Bucano, :
               Appellant :
                              :
        v. :
                              :
Monroe County Housing Authority, :
Daniel Henning, Doryan Campo and : No. 1800 C.D. 2017
Judy Strong : Submitted: June 8, 2018

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED:  August 27, 2018

          Bianca Bucano (Bucano) appeals, *pro se*, from the July 18, 2017 order of the Court of Common Pleas of Monroe County that sustained the preliminary objections, in part, filed by Daniel J. Henning, Doryan Campo, Judy Strong and the Monroe County Housing Authority (Authority) (collectively, Defendants), and dismissed Bucano's complaint with prejudice. We affirm.

          On April 8, 2014, Bucano commenced this action against Defendants by filing a complaint[1] in the Court of Common Pleas of Lackawanna County.

---

[1] The complaint consists of two documents. One is a "Complaint for Civil Suit" which consists of typewritten questions and handwritten responses. Reproduced Record (R.R.) at 6a-7a. The second is a handwritten document entitled "Complaint Brief in Civil Suit[.]" R.R. at 8a-11a. These documents are collectively referred to as the "complaint," but may be cited to separately for ease of reference.

Reproduced Record[2] (R.R.) at 1a. Bucano's complaint concerns her claim for Section 8 housing assistance benefits.[3] Bucano alleges that Henning, Campo and Strong are employees of the Authority. Complaint for Civil Suit ¶ 1, R.R. at 6a; Complaint Brief in Civil Suit ¶ 1, R.R. at 8a. Bucano further alleges that she applied for Section 8 housing benefits on April 19, 2006, and that at her first interview, she informed Authority staff member, Helen Mills, "Asst. Sect. 8 Coor.[,]" that she did not qualify for Section 8 housing because she was on the deed to her marital home. Complaint for Civil Suit ¶ 5A, R.R. at 7a; Complaint Brief in Civil Suit ¶¶ 2-3, R.R. at 8a. Bucano then alleges that Mills asked Bucano if she was on the mortgage, and when Bucano replied that she was not, Mills told Bucano that because she was not on the mortgage and only on the deed, she would qualify for Section 8 assistance. Complaint Brief in Civil Suit ¶ 6, R.R. at 8a-9a; *see* Complaint for Civil Suit ¶ 5A, R.R. at 7a. Bucano was approved to receive Section 8 benefits. Complaint Brief in Civil Suit ¶ 7, R.R. at 9a. Bucano further alleges that she subsequently received a letter informing her that she did not qualify for Section 8 benefits and that she received the benefits fraudulently. Complaint Brief in Civil Suit ¶ 10, R.R. at 9a. Bucano alleges that she "was given misinformation in 2006 by the incompetence of Housing Staff, causing [Bucano] to be accused falsely of fraud[,]" Complaint for Civil Suit ¶ 5A, R.R. at 6a, and that the "miss guided [sic] and incompetence of the Housing Authority staff workers were the reason [Bucano] was lead to believe she did qualify[,]" Complaint Brief in Civil Suit ¶ 11, R.R. at 9a-10a. Bucano requests

---

[2] The Reproduced Record was filed by defendants/appellees and, therefore, is designated by this Court as a supplemental reproduced record. *See* Pa.R.A.P. 2156. However, to avoid confusion, we will cite to it as the Reproduced Record as designated by the defendants/appellees. Bucano did not file a reproduced record because *in forma pauperis* status was granted.

[3] Housing is subsidized by the federal government under Section 8 of the United States Housing Act of 1937, *as amended*, 42 U.S.C. § 1437f.

2

the following relief: "Punitive Damages ($40,000.) and correction of false report"; "civil fine for punitive damages, slander, pain and suffering because in 2006 Housing staff's lack of Training caused [Bucano] and her children severe injuries. 2006-2011[]"; to "hold the Housing Authority and their [sic] staff responsible, and to clear [Bucano's] name from their insinuations of fraud[]"; and "to require the [Defendants][] and the Municipality to correct their Records and to clear [Bucano's] name." Complaint for Civil Suit ¶¶ 4 & 5C, R.R. at 7a; Complaint Brief in Civil Suit ¶ 14, Wherefore Clause, R.R. at 10a-11a. Although not stated in the complaint, subsequent filings appear to indicate that Defendants' allegedly false accusations of fraud were included in Bucano's pre-sentence investigation (PSI) report in an unrelated criminal matter and resulted in an increased sentence in that matter. Bucano's Answer to Defendants' Preliminary Objections, R.R. at 40a. Bucano stated she did not learn of the contents of the PSI report until 2015. *Id.*

At the time she filed the complaint, Bucano was incarcerated. Complaint for Civil Suit & Complaint Brief in Civil Suit ¶ 1, R.R. at 6a, 8a. It appears that more than two years later, on or about September 6, 2016, Bucano mailed the complaint via first class mail addressed to only "The Housing Authority of Monroe County PA[.]" R.R. at 13a. Bucano never filed a return of service or a certificate of service. *See* R.R. at 1a-5a.

On November 7, 2016, Defendants filed preliminary objections to the complaint. R.R. at 2a, 16a-25a. Defendants objected on the grounds of: (i) failure to timely state a claim upon which relief can be granted pursuant to Pennsylvania Rule of Civil Procedure No. 1028(a)(4); (ii) failure to properly serve the complaint against Defendants pursuant to Pennsylvania Rule of Civil Procedure No. 1028(a)(1); (iii) improper venue pursuant to Pennsylvania Rule of Civil Procedure

3

No. 1028(a)(1); (iv) lack of specificity in that Bucano failed to identify how each defendant is liable and otherwise lacks specificity pursuant to Pennsylvania Rule of Civil Procedure No. 1028(a)(3); (v) failure to state a claim upon which relief can be granted for negligence, slander and punitive damages pursuant to Pennsylvania Rule of Civil Procedure No. 1028(a)(4); and (vi) claims are barred by sovereign immunity pursuant to Pennsylvania Rule of Civil Procedure No. 1028(a)(4). R.R. at 16a-25a. Bucano filed an answer to Defendants' preliminary objections. R.R. at 39a-44a.

The Court of Common Pleas of Lackawanna County sustained the preliminary objection for improper venue and transferred the matter to the Court of Common Pleas of Monroe County (trial court) for disposition of the remaining preliminary objections. R.R. at 64a-67a. On June 9, 2017, Defendants renewed their preliminary objections, omitting the challenge to venue that was previously resolved in their favor. R.R. at 70a-84a. Bucano filed a Motion to Dismiss Defendants' preliminary objections, which the trial court ordered be decided with Defendants' preliminary objections. R.R. at 130a-31a; 6/22/17 Trial Court Order, Original Record (O.R.) Item No. 11. On July 18, 2017, the trial court sustained all of the preliminary objections except for the timeliness (statute of limitations) claim and dismissed the complaint with prejudice.[4] R.R. at 159a.

---

[4] We note that the affirmative defense of sovereign immunity must be pled in a responsive pleading under the heading "New Matter." Pa.R.C.P. No. 1030. However, "a court can address the defense of immunity on preliminary objections if the plaintiff has not objected." *Williams v. Phila. Hous. Auth.*, 873 A.2d 81, 84 n.2 (Pa. Cmwlth. 2005). Bucano did not object to Defendants' preliminary objections. *See* R.R. at 39a-44a, 130a-31a. Additionally, the defense of immunity is an unwaivable defense not subject to any procedural device that could result in liability beyond the exceptions granted by the legislature. *Williams*, 873 A.2d at 84 n.2. Therefore, the trial court appropriately considered the defense of sovereign immunity in the context of ruling on Defendants' preliminary objections. *See id.*

We also note that in their preliminary objections regarding sovereign immunity, Defendants cited to 42 Pa. C.S. §§ 8541-8542. R.R. at 24a-25a, 83a-84a. These provisions, however, address local government immunity. *See* Sections 8541 and 8542 of the Judicial Code,

4

Also on July 18, 2017, Bucano filed the following pleadings: (i) "Amended Pleading Pursuant to Rule 1028 and Objection to Defendants['] brief;[5] (ii) "Motion to Amend [Bucano's] defendants adding the Commonwealth to the Complaint";[6] (iii) "Motion for Appointment of Counsel";[7] and (iv) "Amended Pleading, and add the Commonwealth of Pennsylvania[.]"[8] On July 26, 2017, Bucano filed a "Motion to Amend Complaint, New Matter and Appeal Order to Dismiss." R.R. at 4a, 147a. The trial court denied these motions by three separate orders, all dated July 31, 2017. The trial court's order denying Bucano's "Motion

42 Pa. C.S. §§ 8541-8542. Nonetheless, Defendants also cited to appropriate case law concerning housing authorities and sovereign immunity. *See* R.R. at 24a, 83a. Additionally, although the trial court referred to 42 Pa. C.S. § 8541 in setting forth Defendants' arguments, as will be discussed, the trial court appropriately applied and analyzed what is commonly referred to as the Sovereign Immunity Act and the exceptions thereto set forth at 42 Pa. C.S. § 8522.

[5] R.R. at 4a, 138a; O.R. Item No. 16.

[6] R.R. at 4a, 141a; O.R. Item No. 17.

[7] R.R. at 4a, 146a; O.R. Item No. 18.

[8] O.R. Item No. 19.
Although Bucano's four pleadings appear on the trial court's docket before the trial court's July 18, 2017 opinion and order, the time stamps on the documents indicate that the trial court's opinion and order was entered before Bucano's pleadings were "filed." Specifically, the trial court's opinion and order is time-stamped as being filed on July 18, 2017 at 9:35 a.m., and Bucano's documents, while dated either July 12 or 13, 2018, were filed July 18, 2018 between 2:08 p.m. and 2:09 p.m. O.R. Item Nos. 16-19, 21.
In her Motion for Appointment of Counsel, Bucano states she is incarcerated. R.R. at 146a. We note that, ordinarily, pursuant to the "prisoner mailbox rule," a *pro se* prisoner's pleadings are deemed filed at the time the prisoner delivers the pleadings to prison officials or puts them in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091 (Pa. Cmwlth. 2014). This rule is generally applied in the context of determining whether a prisoner filed a pleading within time limitations. *See id.* Although it is unclear exactly when she mailed her pleadings, we acknowledge that Bucano would have had to mail her pleadings at least one day prior to their receipt by the trial court on July 18, 2017. Thus, although her pleadings may be deemed to have been filed before the trial court entered its order, it appears the trial court did not know about them. Nevertheless, the trial court ultimately considered them and denied them, and Bucano included claims of error regarding these motions in her Pa.R.A.P. 1925(b) Statement. *See infra* note 10.

to Amend Complaint, New Matter and Appeal Order to Dismiss" further advised Bucano that a final order was entered in the matter on July 18, 2017 and that her appeal rights were set forth in that order.  R.R. at 162a.

Bucano subsequently filed a notice of appeal to the Superior Court, and the Superior Court transferred the matter to this Court for disposition.  On appeal to this Court,[9] Bucano raises numerous issues for our review.[10]

---

[9] Where a trial court dismisses a complaint as a result of preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion.  *Brown v. Wetzel*, 179 A.3d 1161, 1164 n.2 (Pa. Cmwlth. 2018), *reargument denied* (Apr. 3, 2018).

> When considering preliminary objections, we must accept as true all well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom. A preliminary objection should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. Because a preliminary objection in the nature of a demurrer presents a question of law, this Court's standard of review of a court of common pleas' decision to sustain a demurrer is de novo and the scope of review is plenary. Similarly, whether immunity applies is a question of law subject to our de novo review.

*Id.*

[10] Bucano presents the following questions for our review:

> I. Did the lower court err[] when plaintiff requested to amend her complaint?
> II. Did the lower court err[] when plaintiff filed informa pauperis and requested Lackawanna sheriff [sic] office to serve defendants?
> III. Did the lower court err in denying plaintiff assistance of counsel?
> IV. Did the lower court err in 2015 when it denied motion for new matter?
> V. Did the lower court err when they [sic] confused the civil case as the reason [for] her criminal case?

**Alleged errors relating to trial court's orders dated July 31, 2017**

We begin by addressing Bucano's pleadings filed July 18, 2017 and the trial court's related orders. As captioned, some of these pleadings purport to amend Bucano's complaint, which is the subject of Defendants' Preliminary Objections.[11]

---

VI. The lower court erred when they [sic] stated []criminal charges, conviction and sentencing was out of her dealings with the Housing Authority?

VII. Did the lower court err when plaintiff's factual evidence proved there was no fraud, and the court still could not decipher the truth?

VIII. Did the Housing Authority err when it stopped plaintiff's sect. 8 vouchers?

IX. Did the Housing Authority err in 2006 when they [sic] qualified Plaintiff or when they terminated [her] from the voucher program in late 2011?

X. Did the lower court err, [sic] when the accusations that plaintiff committed fraud was without merit?

XI. Did the lower court err when denying defamation under disparagement?

XII. Did the lower court err when they [sic] concluded the Housing Authority of Monroe County was protected by Sovereign Immunity?

Bucano's Brief at 3.

[11] It is unclear whether any procedural irregularities exist here. Confusion exists as to exactly when Bucano's pleadings were filed, *see supra* note 7, and the trial court's three July 31, 2017 orders deny the related motions without explanation. Additionally, although Bucano's notice of appeal does not expressly include the July 31, 2017 orders, she did assert that the trial court erred in denying these motions in her Pa.R.A.P. 1925(b) Statement. Orders denying motions to amend complaints and motions for appointment of counsel are, generally, interlocutory in nature and issued prior to an order rendering a final judgment. However here, the trial court issued its orders denying Bucano's motion to amend the complaint and motion for appointment of counsel after the trial court's final order dismissing the Complaint. Nonetheless, it appears the trial court had jurisdiction to issue the orders. *See* 42 Pa. C.S. § 5505 (stating trial court may rescind or modify any order within 30 days after its entry if no appeal from such order has been taken). Moreover, Defendants do not object to Bucano raising these arguments here, and they have fully briefed the issues. Therefore, in the interest of judicial economy and providing a complete disposition of this matter, we will address Bucano's arguments relating to these motions.

Litigants do not have an automatic right to file an amended complaint beyond 20 days following service of preliminary objections. *See* Pa.R.C.P. No. 1028 (stating a party may file an amended pleading as of course within 20 days after service of preliminary objections). Because Bucano sought to amend her pleading on July 18, 2017, more than 20 days after Defendants filed their preliminary objections, Bucano needed to seek the court's consent to do so via a motion to amend. *See id.*, Pa.R.C.P. No. 1033 (stating a party, either by filed consent of the adverse party or by leave of court, may, at any time, file an amended pleading to add a party).

### *a. Request to Amend Complaint*

Bucano argues that the trial court erred in denying her "request[] to amend her complaint, and add Monroe County as a defendant[.]" Bucano's Brief at 4. However, the record contains no motion that seeks to add Monroe County and, likewise, no such order. *See* Docket Entries, R.R. at 1a-5a. Because Bucano never filed such a motion, this Court cannot review Bucano's argument. *See* Pa.R.A.P. 302 (stating that an issue not raised in the lower court cannot be raised for the first time on appeal).

Further, we note that the motion Bucano did file sought to *add the Commonwealth* as a party and is the motion the trial court denied. R.R. at 141a, 160a. In her brief, Bucano failed to develop any arguments with respect to the motion that she actually filed and that the trial court actually denied. Accordingly, she has waived those arguments.[12] *See Berner v. Montour Twp.*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes a waiver of the issue).

---

[12] In any event, as will be explained later, the Commonwealth, as a Commonwealth party, would be entitled to sovereign immunity.

8

## b. Motion for New Matter

In her statement of questions presented to this Court, Bucano states, "Did the lower court err in 2015 when it denied motion for new matter?" Bucano did not file any motions in this matter in 2015. *See* Docket Entries, R.R. at 1a-5a. It appears from her brief that Bucano is referring to events that occurred in 2015 and is alleging error with respect to the trial court's denial of her "Motion to Amend Complaint, New Matter and Appeal Order to Dismiss[.]" Although captioned as a motion to amend, Bucano filed the motion on July 26, 2017, after the trial court dismissed her complaint, and the motion reiterates her arguments. The trial court treated it as a motion for reconsideration, which was appropriate given its timing and substance, and denied the motion. The refusal of a court to reconsider a final judgment is not reviewable on appeal. *In re Merrick's Estate*, 247 A.2d 786, 787 (Pa. 1968); *see also Commonwealth v. Rachau*, 670 A.2d 731, 734 n.8 (Pa. Cmwlth. 1996). Therefore, we will not entertain Bucano's arguments in this regard.

## c. Assistance of Counsel

Bucano argues that the trial court erred in denying her motion for assistance of counsel, but she cites no authority to support her claim. *See* Bucano's Brief at 6. Bucano is not entitled to counsel to pursue the type of claims she asserts here. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981) (stating that a presumption exists that an indigent person is only entitled to appointed counsel when his physical liberty is at stake and that such presumption against court-appointed counsel is a heavy one which is not easily overcome); *Harris v. Pa. Dep't of Corr.*, 714 A.2d 492, 495-96 (Pa. Cmwlth. 1998) (denying indigent litigant's motion requesting the appointment of counsel where he did not have a life or liberty interest

9

at stake, but, rather, his interest was financial, a property interest). Accordingly, the trial court did not err or abuse its discretion in denying Bucano's motion for counsel.

### Sovereign Immunity

We now turn to Bucano's argument that the trial court erred in concluding that the "Housing Authority was protected by sovereign immunity." Bucano's Brief at 19. In addressing Bucano's challenge to the trial court's determination regarding sovereign immunity, we accept, for the sake of argument only, that Bucano has stated claims of negligence and slander and has appropriately requested punitive damages, and we make no determination as to whether the trial court erred when it concluded that Bucano's complaint lacked specificity and failed to state claims upon which relief could be granted pursuant to Pennsylvania Rules of Civil Procedure No. 1028(a)(3) and (4), respectively.

"[T]he Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S. § 2310. The Legislature has waived sovereign immunity for Commonwealth parties **only** in instances where (1) the alleged act is a negligent act for which damages would be recoverable under the common law or by statute, **and** (2) the act falls within one of the specifically enumerated exceptions listed in Section 8522(b) of the act commonly referred to as the Sovereign Immunity Act, 42 Pa. C.S. § 8522(b). 42 Pa. C.S. § 8522(a); *Weckel v. Carbondale Hous. Auth.*, 20 A.3d 1245, 1248 (Pa. Cmwlth. 2011). The specifically enumerated exceptions which may impose liability on a Commonwealth party are:

(1) Vehicle liability. . . .
(2) Medical-professional liability. . . .

10

(3) Care, custody or control of personal property. . . .
(4) Commonwealth real estate, highways and sidewalks. . . .
(5) Potholes and other dangerous conditions. . . .
(6) Care, custody or control of animals. . . .
(7) Liquor store sales. . . .
(8) National Guard activities. . . .
(9) Toxoids and vaccines. . . .

42 Pa. C.S. § 8522(b) (emphasis omitted).

The Sovereign Immunity Act defines a "Commonwealth party" as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa. C.S. § 8501. This Court has held that a housing authority is a Commonwealth agency for purposes of sovereign immunity.[13] *Crosby v. Kotch*, 580 A.2d 1191, 1193 (Pa. Cmwlth. 1990); *see also Weckel*, 20 A.3d at 1248; *Rhoads v. Phila. Hous. Auth.*, 978 A.2d 431, 432 (Pa. Cmwlth. 2009); *Williams v. Phila. Hous. Auth.*, 873 A.2d 81, 87 (Pa. Cmwlth. 2005).

Although Bucano purports to allege negligence, her claim does not fall within one of the nine enumerated exceptions, which is necessary to waive sovereign immunity. As the trial court stated, Bucano did not plead any of these exceptions or any facts that would bring her claims within the purview of any of these exceptions. Additionally, slander, or defamation, is an intentional tort for which sovereign immunity is not waived. *See Krull v. Guisse*, 81 A.3d 148, 157 (Pa. Cmwlth. 2013) (stating that defamation is an intentional tort for which there is no waiver of sovereign immunity). Further, punitive damages are not recoverable against Commonwealth parties. *Rhoads*, 978 A.2d at 433; *see also Feingold v. Se. Pa. Transp. Auth.*, 517 A.2d 1270 (Pa. 1986). Lastly, we note that Bucano's complaint does not allege that Henning, Campo and Strong were acting outside the scope of

---

[13] For purposes of jurisdiction, however, this Court deems a housing authority to be a local agency. *Rhoads v. Phila. Hous. Auth.*, 978 A.2d 431, 432 n.3 (Pa. Cmwlth. 2009).

11

their employment, nor does Bucano allege any facts from which to infer such action.[14] Therefore, like the Authority, these employees are entitled to sovereign immunity. *See* 42 Pa. C.S § 8501 (defining Commonwealth party to include an employee of a Commonwealth agency when acting within the scope of his office or employment). Consequently, the trial court did not err by concluding that sovereign immunity bars Bucano's claims and dismissing Bucano's complaint as a result.

Because our decision on the issue of sovereign immunity is dispositive, we need not address Bucano's remaining issues.[15]

Accordingly, for the foregoing reasons, we affirm the trial court's order dismissing Bucano's complaint because her claims are barred by sovereign immunity.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[14] Indeed, as the trial court pointed out, the complaint does not mention Campo or Henning. Trial Court Opinion at 6, R.R. at 156a; *see* R.R. at 6a-11a. Further, to the extent Bucano argues that the trial court erred in concluding that her claims were barred by sovereign immunity only with respect to her claims against the Authority and not those claims against defendants Henning, Campo and Strong, Bucano has waived her right to challenge the trial court's decision in this regard.

[15] We note that several of Bucano's issues, in particular Issues V, VI, VII and X, appear to relate to the trial court's statement in its decision that apparently Bucano is incarcerated as a result of a conviction arising out of her dealings with the Authority. Trial Court Opinion at 3 n.1; R.R. at 153a. Bucano asserts this is factually incorrect because she was incarcerated for a different conviction and her PSI report contained the allegedly defamatory statements, resulting in an increased sentence. Bucano fails to argue how the trial court's apparent "misunderstanding" resulted in the trial court's decision being erroneous. Moreover, the trial court's statement in its opinion is irrelevant to its determination regarding whether the Defendants are entitled to sovereign immunity based on the allegations in Bucano's complaint.

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bianca Bucano,                   :
          Appellant      :
                         :
         v.               :
                         :
Monroe County Housing Authority, :
Daniel Henning, Doryan Campo and :   No. 1800 C.D. 2017
Judy Strong                 :

O R D E R

AND NOW, this 27th day of August, 2018, the order of the Court of Common Pleas of Monroe County dated July 18, 2017 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge