**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1401
_____

DANIEL O'CALLAGHAN,
Appellant

v.

HON. X, In past or present official capacity as Judge or Senior Judge of the Court of
Common Pleas of Northampton
County, Commonwealth of Pennsylvania
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-15-cv-01716)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2016
Before: AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 11, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Daniel O'Callaghan ("O'Callaghan") appeals from a final order of the United States District Court for the Eastern District of Pennsylvania. We will affirm the District Court's decision denying O'Callaghan's motion for a preliminary injunction, denying his motion to amend the complaint, and granting the defendant's motion to dismiss.

I.

O'Callaghan is a semi-retired lawyer currently residing in Northampton County. Complaint ("Compl.") at 2, ¶¶ 5 – 9. In 2012, he filed a lawsuit against neighbors in the Northampton County Court of Common Pleas. Id. at 2, ¶ 12. His grievance arose from the placement of, and noise level generated by, two air conditioners, and his lawsuit appears to have been transferred to several judges before an unnamed judge ("Hon. X") re-assigned the case to himself.[1] Id. at 2, ¶ 12; at 5 – 6, ¶¶ 23 – 34; at 7 – 11, ¶¶ 47 – 76.

On April 1, 2015, O'Callaghan filed a complaint in the United States District Court for the Eastern District of Pennsylvania requesting declaratory and injunctive relief against Hon X. in his official capacity. O'Callaghan alleged violations of his Fourteenth Amendment due process and equal protection rights and claimed relief under 42 U.S.C. §§ 1983 and 1985; 28 U.S.C. §§ 2201 and 2202; and Pennsylvania law. Compl. at 1, ¶¶ 1 – 2. He specifically requested that the District Court grant: (1) a declaratory judgment stating that his rights under the Fourteenth Amendment due process and equal protection

---

[1] In his motion to amend his complaint, O'Callaghan identified Hon. X as a Judge Baratta. For the purposes of continuity, we will continue to use "Hon. X."

clauses and under §§ 1983 and 1985 had been violated; (2) an injunction pursuant to § 1983; and (3) an award of the action's costs. Compl. at 13 – 14. O'Callaghan claimed that Hon. X. had made it impossible for him to have fair proceedings in the Northampton Court; tried to silence O'Callaghan; denied his discovery requests unfairly; treated him differently from other litigants; and had, essentially, been biased and rude. Compl. at 11 – 12, ¶¶ 78 – 79. Through counsel, Hon. X. filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) arguing, inter alia, that: the suit was barred by the Eleventh Amendment; Hon. X. was shielded from suit in his individual capacity; and injunctive relief was barred under the Federal Courts Improvement Act of 1996 ("FCIA"). Motion to Dismiss ("12(b)(6) Motion") at 1 – 2, ¶¶ 1 – 4.

On September 15, 2015, O'Callaghan moved for a preliminary injunction under Fed. R. Civ. P. 65 to stop a trial scheduled in the state court proceeding. Motion for Preliminary Injunction ("MPI") at 5 – 6. After further filings, including a motion by O'Callaghan to amend his complaint, the District Court issued a memorandum and separate order on February 1, 2016. It first held that O'Callaghan's official capacity claim and § 1985 claim were barred under the Eleventh Amendment. District Court Opinion at 3 – 4, 7. It then held that Hon. X. was immune from suit in his individual capacity. Id. at 6. It also concluded that neither injunctive nor declaratory relief were appropriate under the FCIA. Id. at 4 – 5. Finally, the Court denied O'Callaghan's MPI because the FCIA entitled Hon. X. to judicial immunity. Id. at 8. Accordingly, it

3

dismissed the complaint with prejudice, concluding that any amendment would be futile. Id. at 9. O'Callaghan timely appealed.

## II.

We exercise plenary review over the District Court's decision to grant Hon. X's 12(b)(6) motion.[2] See Connelly v. Lane Const. Corp., 809 F.3d 780, 786 n.2 (3d Cir. 2016). In our review, we must accept "as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the" non-moving party. Id. (quoting Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must have sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). We review denial of a motion to amend a complaint for abuse of discretion. See Baer v. United States, 722 F.3d 168, 177 (3d Cir. 2013). O'Callaghan challenges: (1) the District Court's conclusion that the Eleventh Amendment barred O'Callaghan's official capacity claims; (2) its conclusion that Hon. X. was immune from suit in his individual capacity; (3) its denial of injunctive and declaratory relief as to O'Callaghan's claims; (4) its denial of his motion to amend and MPI; and (5) its dismissal of the case with prejudice.[3]

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.

[3] We have tried to discern arguments in his sparse brief, and deem any other claims waived. See In re Supreme Specialities, Inc. Sec. Litig., 438 F.3d 256, 286 n.17 (3d Cir. 2006).

4

A.     O'Callaghan's Official-Capacity Claims Against Hon. X

O'Callaghan argues that the District Court should not have held that Hon. X had immunity in his official capacity.  However, it correctly decided that the Eleventh Amendment barred those claims.  Under the Eleventh Amendment, a state is immune from suit except where Congress has abrogated that immunity through its power to enforce the Fourteenth Amendment or where the state has consented to be sued.  See Lombardo v. Pa., Dep't of Pub. Welfare, 540 F.3d 190, 194-96 (3d Cir. 2008).  Neither of those conditions applies here.  Because O'Callaghan's official-capacity claims are effectively claims against the state itself, see Hill v. Borough of Kutztown, 455 F.3d 225, 234 n.9 (3d Cir. 2005), they are barred by the Eleventh Amendment.  See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005).[4]

As O'Callaghan notes, the Eleventh Amendment does not generally bar prospective declaratory or injunctive relief.  However, in order to obtain injunctive or declaratory relief, O'Callaghan needed to allege facts from which it appeared substantially likely that he would suffer *future* injury.  See, e.g, Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003).  As we have noted, O'Callaghan's complaint sought a declaration that Hon. X had previously violated his rights.  That is not a proper use of a declaratory judgment, which is meant to define the legal rights and obligations of the named parties in anticipation of future conduct, not to proclaim their liability for past

---

[4] In addition, judicial actors are not persons under § 1983.  See, e.g., Callahan v. City of Philadelphia, 207 F.3d 668, 673-74 (3d Cir. 2000).

5

actions. See, e.g., Utah Animal Rights Coal. v. Salt Lake City Corp., 371 F.3d 1248, 1266 (10th Cir. 2004). And, of course, injunctive relief anticipates future conduct among the named parties. Here, too, and as the District Court noted, O'Callaghan's suit was ultimately reassigned from Hon. X to another judge for trial—a trial that had already occurred by the time of the District Court's judgment. Under these circumstances, we cannot conclude that O'Callaghan satisfied his burden of showing a substantial likelihood that he was likely to suffer some *future* injury at the hands of a named party. See Bauer, 341 F.3d at 358.[5] We note, moreover, that the FCIA generally limits to declaratory relief the type of relief available to § 1983 plaintiffs like O'Callaghan from judicial actors. See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam).

B.      O'Callaghan's Individual Capacity Claims Against Hon. X & Motion to Amend

O'Callaghan next argues that the District Court erred when it concluded that, because of judicial immunity, O'Callaghan could not profitably amend his complaint by naming Hon. X in his individual capacity. We consider whether judicial immunity applies under a two-part inquiry. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Id. at 768 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (citations omitted.) Whether or not a judge

---

[5] In his brief, O'Callaghan asserts that a petition for attorney's fees is now pending in the Northampton County Court of Common Pleas. But he has not made a showing that he

took action in his "judicial capacity" depends on the nature of the act itself, and our inquiry is to determine if the act is a function normally performed by a judge. Id. As for the second part of the inquiry, we have distinguished between those acts taken "in the 'clear absence of all jurisdiction,'" and those taken in excess of jurisdiction. Id. at 769. We have said that a judge will not be deprived of immunity, even if he acted in error, acted maliciously, or acted in the excess of his authority. Id.

O'Callaghan asserted that Hon. X made unfavorable comments in court; denied O'Callaghan discovery; and struck O'Callaghan's proffered new material. Hon. X's comments do not suggest any outright abdication of his judicial function, and the denial of discovery and striking of material are acts well within the ambit of a judge's function. Pennsylvania judges "may perform any function of the court," Pa. R. Civ. P. 249; order discovery, see Pa. R. Civ. P. 4002.1; and rule on evidence, see Pa. R. Evid. 103. Hon. X's actions were not in "excess of jurisdiction." See Gallas, 211 F.3d at 769. The District Court did not abuse its discretion by denying O'Callaghan's motion to amend as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002).

C.    O'Callaghan's Motion for a Preliminary Injunction

Finally, O'Callaghan argues that the District Court should not have denied his MPI. For reasons we have canvassed above, including the fact that Hon. X's involvement in the case had ended and that injunctive relief is rarely appropriate against

_____

faces some future injury in that proceeding at the hands of a party named in this action.

7

judicial actors, see Azubuko, 443 F.3d at 304, the denial of the MPI did not constitute an abuse of discretion.

For the reasons stated above, we will affirm the District Court's February 1, 2016, order.