**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3077
_____

DANIEL J. O'CALLAGHAN,
Appellant

v.

HONORABLE X, IN PAST OR PRESENT OFFICIAL
CAPACITY AS JUDGE OF THE COURT OF COMMON
PLEAS OF NORTHAMPTON COUNTY,
COMMONWEALTH OF PENNSYLVANIA AND
(HON.) X, IN INDIVIDUAL CAPACITY;
HONORABLE Y, IN INDIVIDUAL CAPACITY;
AND ANY/ALL OTHER JUDGE(S) OF THE
COURT OF COMMON PLEAS, COMMONWEALTH
OF PENNSYLVANIA, WHO MAY REPLACE SUCH
HONORABLE X AND/OR HONORABLE Y AS JUDGE
UPON O'CALLAHAN V. SAVERI, DOCKET NO. C-48-CV-2012-7551, ET AL.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 5-16-cv-06097)
District Judge: Hon. Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 12, 2018
_____

Before: SHWARTZ, ROTH, and RENDELL, <u>Circuit Judges</u>.

(Filed: August 28, 2018)

_____

OPINION[*]

_____

SHWARTZ, <u>Circuit Judge</u>.

Plaintiff Daniel O'Callaghan appeals the orders granting Defendants Honorable X's (Hon. Stephen G. Baratta, Presiding Judge of the Court of Common Pleas, Northampton County, Pennsylvania) and Honorable Y's (Hon. Michael J. Koury, Judge, Court of Common Pleas, Northampton County) (together, the "Defendant Judges") motion to dismiss and denying O'Callaghan's motion for reconsideration. The District Court correctly granted the dismissal motion and denied the reconsideration motion, and we will therefore affirm.

I[1]

In 2012, O'Callaghan filed suit in the Northampton County Court of Common Pleas against his neighbors, bringing nuisance claims based on the alleged noise from his neighbor's air conditioning unit. In 2015, after a bench trial, that court issued a verdict and entered judgment against him on all counts. He sought post-trial and appellate relief, which the state courts denied.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We draw the factual background largely from the allegations contained in O'Callaghan's complaint, which we accept as true. <u>Mammaro v. N.J. Div. of Child Prot. & Permanency</u>, 814 F.3d 164, 166 (3d Cir. 2016). We also consider exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon such documents. <u>Hartig Drug Co. v. Senju Pharm. Co.</u>, 836 F.3d 261, 268 (3d Cir. 2016).

In 2016, O'Callaghan sued Defendant Judges in the United States District Court for the Eastern District of Pennsylvania. He seeks declaratory and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1985 for violations of the Fourteenth Amendment based on Defendant Judges' alleged failure to treat him fairly, including by denying his discovery requests, during the state-court proceedings. The District Court granted Defendant Judges' motion to dismiss, holding that they are entitled to immunity under the Eleventh Amendment and the doctrine of judicial immunity. The Court also concluded that collateral estoppel barred O'Callaghan's claims because he brought virtually identical claims in an earlier case the District Court had dismissed with prejudice, O'Callaghan v. Hon. X., Civ. A. No. 15-1716, 2016 WL 374744 (E.D. Pa. Feb. 1, 2016), which our Court affirmed, O'Callaghan v. Hon. X, 661 F. App'x 179 (3d Cir. 2016) (per curiam) (not precedential). O'Callaghan moved for reconsideration, which the District Court denied. O'Callaghan appeals.

II[2]

O'Callaghan argues (1) Defendant Judges violated his right to due process in the state-court proceedings; (2) the Eleventh Amendment does not bar his request for

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review of a district court's order granting a motion to dismiss under Rule 12(b)(6). In re Vehicle Carrier Servs. Antitrust Litig., 846 F.3d 71, 79 n.4 (3d Cir. 2017). We apply the same standard as the District Court and decide whether the complaint, construed "in the light most favorable to the plaintiff," Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014) (citation omitted), "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), "but we disregard rote

3

prospective relief against Defendant Judges in their official capacities; (3) judicial immunity should not apply here because it does not shield Defendant Judges from liability for unlawful acts, and the manner in which his discovery requests were denied should not be considered judicial acts; (4) collateral estoppel does not bar his claims; and (5) the District Court should have granted his request for reconsideration.

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts," Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam), even if the action "was in error, was done maliciously, or was in excess of his authority," Stump v. Sparkman, 435 U.S. 349, 356 (1978) (also stating this immunity applies to § 1983 claims).  A judge will be subject to liability only if he acted in clear absence of jurisdiction.  Id. at 356-57.  Whether an act is "judicial" depends on "whether it is a function normally performed by a judge, and . . . whether [the parties] dealt with the judge in his judicial capacity."  Id. at 362; see also, e.g., Gallas v. Supreme Court of Pa., 211 F.3d 760, 768-69 (3d Cir. 2000).

---

recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements," James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).

We review the denial of a motion for reconsideration for abuse of discretion, exercising plenary review to the extent that the denial is premised on an issue of law. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999), and factual findings for clear error, Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011).  A party seeking reconsideration must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  In re Vehicle Carrier Servs., 846 F.3d at 87 (citation and internal quotation marks omitted).

4

Defendant Judges are absolutely immune from liability for the acts about which O'Callaghan complains. The actions the judges took in managing his state-court lawsuit and their rulings during those proceedings are plainly judicial acts because they involved resolving case-related disputes, including discovery issues, and O'Callaghan has set forth no facts showing Defendant Judges acted in clear absence of jurisdiction. O'Callaghan's disagreement with Defendant Judges' decisions, or even how their rulings were conveyed, does not show that Defendant Judges lacked jurisdiction to act in the case. Thus, the District Court correctly dismissed O'Callaghan's claims against Defendant Judges based on absolute immunity. Moreover, O'Callaghan has not provided any new facts relevant to the Court's immunity ruling, any changes in controlling law, or any other basis for the District Court to reconsider its decision. The District Court therefore did not abuse its discretion in denying O'Callaghan's motion for reconsideration.[3]

## III

For the foregoing reasons, we will affirm.

---

[3] We have considered but need not address O'Callaghan's other arguments because Defendant Judges are entitled to absolute immunity.